# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT W. ELLIOTT,

    *Petitioner*,

vs.

E. K. MCDANIEL, *et al.*,

    *Respondents*.

3:11-cv-00041-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#9) for appointment of counsel, motion (#10) for extension of time, and motion (#11) to expedite ruling.

    On the motion for counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

    Having reviewed the petition, the request for counsel, and petitioner's *pro se* filings in this and his prior federal habeas action, the Court does not find that the interests of justice require that counsel be appointed. Petitioner has demonstrated an adequate ability to articulate his position. Indeed, many of petitioner's claims in this action and his prior federal action are based upon an alleged "irreconcilable

conflict" with his counsel because counsel would not pursue issues and claims at trial and on appeal that petitioner wanted him to pursue. Petitioner further has urged previously on federal habeas review that the state supreme court should have allowed him to present *pro se* filings on direct appeal despite then being represented by counsel. Nothing in the record before the Court reflects that petitioner does not have the capacity to respond to the pending show cause inquiry regarding lack of exhaustion without assistance of counsel. Petitioner previously responded to a motion to dismiss based upon, *inter alia*, lack of exhaustion in his prior federal habeas action.

IT THEREFORE IS ORDERED that petitioner's motion (#9) for appointment of counsel is DENIED.[1]

IT FURTHER IS ORDERED that the motion (#10) for extension of time is GRANTED IN PART, such that the time for petitioner to mail a response to the prior show cause order (#7) for filing is extended up to and including **forty-five (45) days** after entry of this order. With the extension granted by this order, petitioner will have had ample time to respond to the February 21, 2012, show cause order.

IT FURTHER IS ORDERED that the motion (#11) for expedited ruling is GRANTED per this order denying the motion for appointment of counsel.

If petitioner does not timely respond to the show cause order, the petition will be dismissed without further advance notice. If petitioner responds but fails to demonstrate, with specific reference to supporting state court filings in the manner specified in the show cause order, that the exhaustion requirement has been satisfied, the petition will be dismissed without prejudice for lack of exhaustion.

DATED this 13th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is not proceeding *in forma pauperis* in this action, and the Court expresses no opinion as to whether petitioner currently satisfies the financial eligibility requirement for appointment of counsel.