UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT W. ELLIOTT,

    Petitioner,

v.

E.K. MCDANIEL, *et al.*,

    Respondents.

Case No. 3:11-cv-00041-MMD-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on the Court's order to show cause that petitioner has fairly presented the claims in this petition to the Nevada Supreme Court. This Court previously determined that a substantial question exists as to whether the petition is subject to dismissal because none of the claims in the petition were fairly presented to the Nevada Supreme Court and exhausted (dkt. no. 7). Petitioner responded to the order to show cause (dkt. no.'s 13, 14).

**I.    BACKGROUND**

Petitioner Robert Elliott seeks to set aside his 2005 Nevada state conviction, pursuant to a jury verdict, of two counts of robbery with the use of a deadly weapon. In this action he challenges the October 25, 2005 judgment of conviction in state district court Case No. CR04-1641B. Petitioner pursued claims pertaining to that judgment of conviction on direct appeal and on state post-conviction review.

**II.    GOVERNING LAW**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy

this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.C. 2546, 2554-55, 115 LED.2d 640 (1991).

Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.C. 1056, 1060, 103 LED.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

**III.   DISCUSSION**

Petitioner presents: (a) one independent substantive ground (Ground 5); (b) seven grounds essentially presenting claims of ineffective assistance of counsel (Grounds 1, 3, 4, 6, 7, 8 and 9); and (c) one ground alleging that he was denied rights to, *inter alia*, due process of law and effective assistance of counsel when trial counsel represented him on direct appeal and the state supreme court refused to consider his attempted *pro se* submissions on direct appeal (Ground 2).

As the Court outlined in the show-cause order, review of the papers presented reflects that none of these grounds were fairly presented to the Supreme Court of Nevada and exhausted.

On direct appeal, it appears that the Supreme Court of Nevada was fairly presented with and considered only two claims. The state high court considered claims: (1) that the State failed to prove that there were two distinct acts of robbery because property was taken only at a single location; and (2) that the evidence was insufficient to establish use of a deadly weapon.[1]

On the state post-conviction appeal, during which petitioner was represented by counsel, it appears that the Supreme Court of Nevada was fairly presented with and considered only two claims. The state high court considered the following issues: (1) whether the State violated *Brady v. Maryland*, 373 U.S. 83, (1963), when it did not provide the name of two potentially exculpatory witnesses until the day of the state post-conviction evidentiary hearing; and (2) whether the state district court abused its discretion in denying a request to continue the evidentiary hearing.[2]

In Ground 5, petitioner alleges that he was subjected to an illegal seizure of a BB gun. This claim was presented on neither direct appeal nor the state post-conviction appeal. Ground 5 therefore is unexhausted.

The claims of ineffective assistance of counsel in Grounds 1, 3, 4, 6, 7, 8 and 9 would not be considered on direct appeal under established Nevada state practice, and the claims in any event were not fairly presented on direct appeal. Nor were the claims fairly presented to the Supreme Court of Nevada on the state post-conviction appeal. Grounds 1, 3, 4, 6, 7, 8 and 9 therefore are unexhausted.

The constitutional claims in Ground 2 regarding representation on appeal were not fairly presented to the Supreme Court of Nevada either on the direct appeal or the state post-conviction appeal. In particular, no such claims were pursued on state post-

---

[1] See #6, at electronic docketing pages 41-44.

[2] See #6, at electronic docketing pages 58-59.

conviction review through to the Supreme Court of Nevada on the state post-conviction appeal. Ground 2 therefore is unexhausted.

Petitioner largely responds to the show-cause order by stating that he asked counsel to raise certain issues, including ineffective assistance of counsel (dkt. no. 13, pp. 2-3). It also appears that, though he had counsel, he attempted to file *pro se* documents in both his direct appeal and his state post-conviction petition he had counsel. *Id.* In the show-cause order, this Court specifically described the claims petitioner set forth in his federal petition, and this Court also described the (different) claims set forth in petitioner's state direct appeal and state habeas petition. However, petitioner only responds in very general terms and claims that he did in fact exhaust his claims. He references an evidentiary hearing in his state post-conviction proceedings regarding his alibi and alibi witness (dkt. no. 13, p. 3). He also mentions, without elaboration, that he is actually innocent. *Id.*

Moreover, petitioner argues that the Nevada Supreme Court was put on notice of some of his claims (again, he does not specify which claims) because he raised them at the state district court level. *Id.* at 6. He cites to the Ninth Circuit decision in *Reese v. Baldwin* for this proposition (282 F.3d 1184 (9th Cir. 2002). However, the U.S. Supreme Court reversed that decision and expressly held that a claim is not fairly presented to a court if that court must read beyond the petition or briefs to be alerted to the claim. 541 U.S. 27, 32 (2004).

Finally, petitioner asks that the Court stay his federal habeas petition in order to allow him to return to state court to exhaust his claims (dkt. no. 13, p. 14). However, the Ninth Circuit has held that a stay is not available as to a wholly unexhausted petition. *Raspberry*, 448 F.3d 1150. That court explained:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 125 S.C. 1528, 1535, 161 LED.2d 440 (2005). We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. Such an extension would result in a heavy burden on the district court to determine whether a petitioner who

files a petition that on its face is unexhausted may have other exhausted claims that could have been raised. Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001) ("Once [Appellee] moved for dismissal, the district court was obliged to dismiss immediately, as the petition contained no exhausted claims." (quotation marks and citation omitted)).

*Id.* at 1154.

Petitioner was expressly cautioned that his statements that are not supported by copies of the relevant state court record materials would be disregarded (dkt. no. 7, p. 4). He has failed to demonstrate that he presented any of his claims to the Supreme Court of Nevada in a procedural context in which the merits of the claim would be considered. Accordingly, the petition must be dismissed without prejudice for failure to exhaust any claims.

## IV. CONCLUSION

It is therefore ordered that the petition (dkt. no. 5) is dismissed without prejudice for lack of exhaustion.

It is further ordered that, to the extent that a certificate of appealability is required in this procedural context, a certificate of appealability is denied. Jurists of reason would not find the district court's dismissal of the petition for lack of exhaustion to be debatable or incorrect.

It is further ordered that the Clerk of Court shall enter judgment accordingly and close this case.

DATED THIS 29th day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE