UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT W. ELLIOTT,

Petitioner,

v.

E.K. MCDANIEL, et al.,

Respondents.

Case No. 3:11-cv-00041-MMD-VPC

ORDER

On October 29, 2014, this Court dismissed without prejudice petitioner Robert W. Elliott's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because it was wholly unexhausted. (ECF No. 23.) Judgment was entered. (ECF No. 24.) Elliott appealed, and on October 3, 2016, the Ninth Circuit Court of Appeals vacated and remanded in light of its recent decision in *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). (ECF No. 35.) The court of appeals directed that this Court determine whether Elliott is entitled to a stay of his federal habeas petition.

**I.    EXHAUSTION STANDARD**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct

appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

## II. STAY AND ABEYANCE

As set forth above, a federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petition containing only unexhausted claims is subject to dismissal. *Id.*; *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). In the instant case, this Court previously concluded that all claims in the petition are unexhausted. Under *Mena*, a district court has the discretion to stay a fully unexhausted petition. 813 F.3d at 912. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Thus, the Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977-80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*. An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will

ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

Accordingly, petitioner must file a brief that sets forth how he can demonstrate good cause for his failure to exhaust his unexhausted claims in state court and that his unexhausted claims are not plainly meritless. Petitioner's failure to respond to this order will result in his federal habeas petition being dismissed.

### III. CONCLUSION

It is therefore ordered that, within thirty (30) days of the date of this order, petitioner must file a response to this order demonstrating that he is entitled to a stay of these federal habeas proceedings.

It is further ordered that respondents will file their reply, if any, within thirty (30) days of the date that petitioner files his response.

It is further ordered that if petitioner fails to timely respond to this order the Court will enter an order dismissing the petition.

DATED THIS 13th day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE